UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF DOWN SOUTH MARINE, LLC, AS OWNER AND OPERATIOR OF THE MR. GAGE, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY. | CIVIL ACTION<br><br>NO: 11-3086<br>SECTION: "A" (1) |

ORDER

Before the Court are **Motions for Summary Judgment to Dismiss the Second Prayer for Exoneration from or Limitation of Liability of Down South Marine, LLC (Rec. Docs. 9, 11)** filed by movants David Williams (Williams) and Terrence Hankton (Hankton), respectively. Hankton's motion **(Rec. Doc. 11)** readopts and reavers the entirety of Williams' memorandum in support of the motion for summary judgment **(Rec. Doc. 9)**. Complainant in limitation Down South Marine, LLC (DSM) opposes the motion **(Rec. Doc. 13)**. The motions, set for hearing on **January 18, 2012**, are before the Court on the briefs without oral argument. For the following reasons, the motions are DENIED.

I.   BACKGROUND

This is the second limitation of liability lawsuit brought by DSM in connection with an alleged incident occurring aboard DSM's vessel, the M/V MR. GAGE, on July 30, 2010. Movants Williams and Hankton claim to have sustained injuries while riding aboard the M/V MR. GAGE on that date as a result of rough weather and/or sea conditions. In March 2011, Williams and Hankton filed a Jones Act personal injury action against Country Boy

1

Construction, which is not a party to this action, in the 16th Judicial Court for the Parish of St. Martin.

Complainant DSM is not a party to the state suit; however, in connection with the alleged incident forming the basis for the state claim, DSM filed a limitation of liability action in this Court on May 6, 2011.  (See the matter entitled In the Matter of Down South Marine, LLC, as Owner and Operator of the MR. GAGE, Praying for Exoneration From or Limitation of Liability (**Civil Action No. 2:11:cv:01083-JCZ-SS**)).  DSM commenced the first limitation action after allegedly being put on notice of a demand for a defense and indemnity by Country Boy Environmental Services.  Country Boy Environmental Services' alleged demand, which was made in the form of a letter dated April 4, 2011, was based on the suit filed by Williams and Hankton against Country Boy Construction.

According to DSM, Country Boy Construction and Country Boy Environmental are "related" but "separate" entities.  Country Boy Environmental Services chartered the M/V MR. GAGE from DSM during the time of Williams' and Hankton's alleged injuries and is listed as an additional insured under DSM's marine general liability insurance policy.  Though Country Boy Environmental Services and Country Boy Construction are related to each other, according to DSM's memorandum in opposition to the instant motions, the entities are "entirely distinct from and are wholly unrelated to DSM."

This court granted Williams and Hankton's motions for summary judgment in the original limitation of liability suit, finding that no real controversy existed between the complainants in limitation, DSM and Leblanc Marine, and the parties allegedly claiming indemnification, Country Boy Environmental Services and Country Boy Construction.  **(Rec.**

**Doc. 46**)  DSM has since filed an appeal of this decision in the Fifth Circuit, and subsequently filed a second limitation of liability action in this Court.  In the second action, DSM "seek[s] exoneration from or limitation of liability based on the explicit and unequivocal allegations of Williams and Hankton that DSM was at fault for and or should be held liable for the alleged incident of July 30, 2010 about the M/V MR. GAGE."  (**Rec. Doc. 13**)

In the instant motions for summary judgment, Williams and Hankton seek to dismiss the second limitation of liability action based on the argument that it has prescribed under Rule F of the Federal Rules of Civil Procedure.  Williams and Hankton argue that the matter is time barred because it was not filed within six months of DSM learning of Williams and Hankton's alleged July 30, 2010 accident and/or their third party lawsuits against Country Boy Construction in Louisiana state court in connection with that incident.  For the following reasons, the Court finds this argument unpersuasive.

> II.     **LAW AND ANALYSIS**

Williams and Hankton move to dismiss DSM's second limitation of liability complaint on the grounds that the complaint was filed in an untimely manner.  The Limitation of Liability Act, 46 U.S.C. §§ 30501–30512, "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel."  Lewis v. Lewis & Clark Marine, Inc., 531 U.S. 438, 439 (2001).  Section 30511(a) sets forth the requirements of a vessel owner seeking to bring a limitation of liability action in a district court:

> The owner of a vessel may bring a civil action in a district court of the United States for limitation of liability under this chapter. The action **must be brought within 6 months** after a claimant gives the owner **written notice** of a claim.

3

46 U.S.C. §30511 (emphasis added).  Federal Rule of Civil Procedure, Rule F reinforces the temporal requirement for bringing the suit: "**Not later than six months after receipt of a claim in writing**, any vessel owner may file a complaint in the appropriate district court...." Fed. R. Civ. P. F(1)(emphasis added); see also Karim v. Finch Shipping Co., Ltd., 265 F.3d 258, 263–64 (5th Cir. 2001) ("an action filed by a shipowner seeking to limit its liability must be brought within six months after a claimant gives the owner written notice of a claim.").

If a petition is not filed within the six-month period, the Court must dismiss it as untimely.  Exxon Shipping Co. v. Cailleteau, 869 F.2d 843, 846 (5th Cir. 1989).  The purpose of the six-month prescription period is to require the shipowner to act promptly to gain the benefit of the statutory right to limit liability, and prevent waiting to file the limitation of liability petition until the later stages of pending litigation.  Id.; see also Complaint of N.Y.T.R. Transp. Corp., Scow Marcy, 105 F.R.D. 144, 146 (E.D.N.Y. 1985).  The issue before the Court is when DSM received adequate "written notice of a claim" under 46 U.S.C. § 30511(a), and whether it filed its second limitation of liability action within the six-month period required by the statute.

The statute contains "somewhat specific requirements of the standards of notice."  In re Complaint of Bisso Marine Co., No. 02-3249, 2003 WL 1193683, *2 (E.D.La. Mar. 12, 2003).  A written notice of claim "must inform the owner of both the 'details of the incident' and 'that the owner appeared to be responsible for the damage in question.'"  In re Weber Marine, Inc. 2010 WL 4884436 at *3 (E.D.La. Nov. 23, 2010)(quoting In the Matter of Oceanic Fleet, Inc., 807 F.Supp. 1261, 1262 (E.D.La. Dec. 3, 1992) (further citations omitted)).  Relevant details may include the date of alleged injury, the vessel on which it occurred, and a statement of the adversary nature of the situation.  Oceanic Fleet, 807 F. Supp at 1263.  A sufficient notice must

also "inform the owner of the claimant's intention to seek damages from the owner." Id. (quoting Matter of The Specialty Marine Services, Inc., No. 98-2781, 1999 WL 147680, *1 (E.D.La. Mar. 15, 1999) (citations omitted)). Finally, the notice must reveal a "reasonable possibility" that the claim is subject to limitation. Id. (quoting Complaint of Tom-Mac, Inc., 76 F.3d 678, 683 (5th Cir. 1996)). "[M]ere knowledge of the event in question by the owner, however, is not enough to commence the running of the statutory time period." Id. (quoting Complaint of McKinney Towing, Inc., No. 94-2171, 1994 WL 682546, *6 (E.D.La. Dec. 6, 1994) (quotation marks, brackets and citations omitted)).

While written notice may be in the form of a letter, In Re Lewis, 190 F.Supp.2d 885, 888 (M.D.La. 2002), the Court finds that the letter sent by Billy Duplechein of Country Boy Environmental Services to Ben Leblanc, owner of Leblanc Marine and partial owner of DSM, does not constitute adequate written notice of claim under § 30511(a). The letter, which is dated April 4, 2011, does not provide details of the incident forming the basis for Williams and Hankton's state court claims. The letter also fails to inform Leblanc that the owner of the vessel, DSM, appears to be responsible for the damage in question. In In the Matter of Texaco, Inc., 1991 A.M.C. 2624, 2626 (E.D.La.1991), Judge Mentz explained that to trigger the six-month prescriptive period for filing limitation of liability petitions, a letter must contain a "clear expression of intent to pursue a claim for damages against" the vessel owner. Country Boy Environmental does inform Leblanc that "any costs, fees and expenses incurred by Country Boy in this matter will be billed to Leblanc and [Leblanc's] underwriters," but makes no such demands of damages from DSM specifically. Furthermore, the letter does not reveal a reasonable possibility that the claim is subject to limitation.

Deficient in these respects, the letter is insufficient notice to trigger the six-month statutory period within which a limitation of liability complaint must be filed.  See <u>Weber Marine</u>, 2010 WL 4884436 at *3; see also <u>Bisso Marine</u>, 2003 WL 1193683, *2.

Williams and Hankton assert that DSM had actual knowledge of their claims involving the M/V MR. GAGE, and therefore had notice of potential claims against DSM, as of May 6, 2011, when DSM filed its original limitation proceeding.  Under that interpretation, the six-month period within which to file potential limitation of liability actions expired on November 6, 2011, well before DSM's December 16, 2011 filing date.  However, actual knowledge of potential claims is not sufficient under the statute or under Rule F, which both require that a claimant give the owner *written* notice of a claim.  As held by previous courts within this district, mere knowledge of the event in question by the owner is not enough to commence the running of the statutory time period.  See <u>Weber Marine</u>, 2010 WL 4884436 at *3; see also <u>McKinney Towing</u>, 1994 WL 682546 at*6.  The Court therefore finds this argument unpersuasive, and finds that Williams and Hankton did not issue written notice of any type to DSM until they filed their formal claims in DSM's original limitation action.  These claims were filed on June 16 and June 27, 2011; therefore, DSM's filing of the second limitation action on December 16, 2011 was timely under the relevant statute.

### III.   CONCLUSION

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motions for Summary Judgment to Dismiss the Second Prayer for Exoneration from or Limitation of Liability of Down South Marine, LLC (Rec. Docs. 9, 11)** filed by David Williams and Terrence Hankton, are hereby DENIED.

This 1st day of March, 2012.

                                                              JAY C. ZAINEY
                                       UNITED STATES DISTRICT JUDGE