UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: DOWN SOUTH MARINE, LLC　　　　　　　CIVIL ACTION
AS OWNER AND OPERATOR OF THE
MR. GAGE, PRAYING FOR
EXONERATION FROM OR
LIMITATION OF LIABILITY

　　　　　　　　　　　　　　　　　　　　　　　NO: 11-3086

　　　　　　　　　　　　　　　　　　　　　　　SECTION: "A" (1)

## ORDER

　　　　The Court granted claimant Terrence Hankton's **Unopposed Motion to Dismiss (Rec. Doc. 29)** his claim against Down South Marine, LLC ("DSM"), without prejudice (See **Rec. Doc. 30**). Movant David Williams, having never filed a claim, is not a party to this case. The deadline for filing additional claims in this action has passed. On May 2, 2012, the Court ordered that the instant limitation of liability action would be dismissed without prejudice if said dismissal were not opposed by May 9, 2012 (See **Rec. Doc. 31**).

　　　　Complainant DSM timely filed a **Motion to Oppose Dismissal, Motion to Stay Action, and Motion for Entry of Default Judgment (Rec. Doc. 34)**. While this motion remained pending, the Fifth Circuit issued a ruling affirming the Court's decision to dismiss the original limitation of liability action[1] based on a lack of case or controversy.

　　　　The Court ordered DSM to show cause why the complaint in the instant case should not be

---

[1] *In the Matter of Down South Marine, LLC*, No. 11-cv-31211 (5th Cir. June 18, 2012).

dismissed for the reasons stated in this Court's order dismissing the original limitation action.[2] DSM argued that the ruling of the Fifth Circuit does not affect the viability of the instant limitation action or the sustainability of the relief requested in DSM's pending motion **(Rec. Doc. 34)**.

Congress has provided that a seaman shall have three years to bring his action under the Jones Act.  McAllister v. Magnolia Petroleum Co., 357 U.S. 221, 78 S.Ct. 1201 U.S. (1958)(citing 46 U.S.C. s 688, 46 U.S.C.A. s 688, which incorporates the statute of limitations under the Federal Employers' Liability Act, 45 U.S.C. s 56, 45 U.S.C.A. s 56).  The alleged incident which formed the basis for the instant litigation occurred on July 30, 2010; therefore, nearly two of the three years comprising the statute of limitations period have already passed.  The Court recognizes DSM's concern that, if the instant matter is dismissed, DSM could be barred from availing itself of its statutory remedies under the limitation of liability statutes if claims are later asserted against it by Williams and Hankton.  The Court has therefore determined that putting this matter on inactive status is appropriate until such time that all possible time delays for pursuing legal action against DSM have expired.

Accordingly;

**IT IS ORDERED** that Complainant DSM's **Motion to Oppose Dismissal, Motion to Stay Action, and Motion for Entry of Default Judgment (Rec. Doc. 34)** is **GRANTED** in part and **DENIED** in part.

The motion is **GRANTED** insofar as the instant action will **not** be dismissed; the instant

---

[2] See *In the Matter of Down South Marine, LLC*, No. 11-cv-1083 (E.D.La.)**(Rec. Doc. 35).**

action will be **STAYED** and **closed for statistical purposes**.  DSM may move to re-open the instant matter if and when any claims are filed against it, and will retain the benefit of its original filing date of December 16, 2011 for purposes of the six-month statutory limit on filing limitation of liability actions.  See 46 U.S.C. § 30511(a).  If no claims are filed against DSM within the three-year statute of limitations period applicable to the state court plaintiffs' Jones Act claims, complainants may then move for a dismissal of the instant action.

      The action is **DENIED** insofar as the Court declines to enter default judgment against all persons who have not yet filed or pursued claims against DSM with respect to the underlying event giving rise to this action.  Potential claimants will have the benefit of the three-year statute of limitations period applicable to Jones Act claims.

      This 29th day of June, 2012.

                                                        JAY C. ZAINEY
                                      UNITED STATES DISTRICT JUDGE